## OKLAHOMA PAPER CO. v. REID.

No. 14497—Opinion Filed May 13, 1924.

Rehearing Denied Sept. 16, 1924.

(Syllabus.)

1. Negligence — Personal Injuries — Burden of Proof.

Where an action is brought against a person for injuries alleged to have been re-

ceived, it is incumbent upon the plaintiff to prove that defendant was responsible for such injuries, and his negligence the proximate cause thereof.

## 2. Evidence — Pleading — Weight.

Where a pleading is introduced in evidence without objection, for no specified purpose, nor limited to any specific purpose, such pleading as evidence goes in for whatever probative force it may have for all purposes.

Error from District Court, Oklahoma County: Cham Jones, Judge.

Action by George M. Reid against the Oklahoma Paper Company. Judgment for plaintiff and defendant brings error. Reversed.

Edward Hirsh, Leon S. Hirsh, and Keaton, Wells & Johnston, for plaintiff in error.

McCaffrey & Smith and J. Z. Werby, for defendant in error.

HARRISON, J. This action was an action by George Reid, a minor, by Effie Echols, his mother and next friend, against the Oklahoma Paper Company, a corporation, for damages sustained from personal injuries alleged to have been caused by the Oklahoma Paper Company through its negligence in backing a truck over said minor, George Reid. There was conflict in the testimony as to how the injury occurred, as to whether there was any negligence on the part of anyone, and as to the extent of the injuries received by said minor, but, aside from the issues upon which testimony conflicted, it may be assumed as undenied that whatever injuries were sustained were caused by the little boy being struck by the truck as it was being backed out from the garage down the driveway from the garage to the street. It may be assumed, also, as undenied that the truck was not being backed out by its motor power, but was being pushed out by two men, both of whom were on the ground, one holding his hands, one on the brake, the other on the steering wheel, while the other man was in front of the truck pushing it backwards, and as the truck rolled backwards down the driveway it struck the little boy, who, unknown to the men pushing at the car, had come on to the driveway with a coaster, or kiddy car. A wheel of the truck ran over the coaster, and the man who was holding the brake and the steering wheel, hearing the crash and hearing the little boy cry out, immediately stopped the truck and ran around to see what was the matter, and testified that the little boy was crying because his coaster had been smashed and complaining that his mother would punish him for getting his car broken. These facts are conclusively shown by the record.

Although there was a conflict in the testimony as to whether there was any negligence, and as to the exact manner in which the little boy was injured, and as to the extent of his injuries, all of which it was within the province of the jury to weigh, and whose verdict upon such issues, if reasonably supported by the evidence, would not be disturbed by this court, yet there was a total failure in the evidence tending to fix a liability upon the Oklahoma Paper Company. The action was brought against the Oklahoma Paper Company, and whatever the extent of the injuries may have been, recovery therefor depended upon the liability of the Oklahoma Paper Company. There was no evidence which showed that the truck at the time the alleged injuries were sustained was being operated for or under the control or direction of the Oklahoma Paper Company. The Oklahoma Paper Company admitted in its answer that it owned the truck and used such truck in the course of its business during the day, but alleged the fact to be that the garage out of which the truck in question was being pushed had been leased to and was wholly controlled by the Frank Miller Motor Company, which took charge of said truck at the close of each day's business of the Paper Company, put it into the garage at night and pushed it out next morning, during which time the Paper Company had no authority nor exercised any control over it.

The second paragraph of defendant's answer is as follows:

"Second. Defendant admits that on or about the 10th day of November, 1921, plaintiff was run into by a motor truck belonging to defendant, but defendant denies that the said truck was at the said time under the custody, control, or operation of said defendant, or its agents, servants or employes, but on the contrary, states that prior to the time aforesaid, defendant had placed said truck in the custody and control of the said Frank Miller Motor Company, for the purpose of having said truck repaired, and that at the time of the alleged injury of plaintiff, said truck was under the complete control of said Frank Miller Motor Company, and that defendant had no power of direction or control over said truck at the said time; and defendant denies that it, its agents, servants or employes, were negligent or careless in the operation of said truck at the said time."

The plaintiff below introduced defendant's answer in evidence, not only the foregoing paragraph, but the entire answer as a whole;

such answer was introduced for no limited purpose, nor any specific purpose, but was introduced by plaintiff without objection, and was further, as the record discloses, so introduced for all purposes which it might tend to prove, and not being introduced for any specific purpose nor limited to any definite purpose, it must be taken for whatever force it may have upon all the issues in the case.

Plaintiff introduced no evidence for the purpose of refuting the foregoing paragraph of defendant's answer, on the other hand, defendant introduced positive testimony in support of the allegation contained in said paragraph, and which evidence was not refuted by plaintiff.

Hence, because of the total failure of plaintiff to fix a legal liability against defendant, Oklahoma Paper Company, the judgment against such company must be reversed.

Reversed.

JOHNSON, C. J., and McNEILL, BRANSON, and GORDON, JJ., concur.